IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-319-H

| | | |
|---|---|---|
| WILLIE D. BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM IN SUPPORT</u> |
| | ) | <u>OF DEFENDANT'S MOTION</u> |
| | ) | <u>TO DISMISS PURSUANT TO</u> |
| | ) | <u>RULE 12(b)(1)</u> |
| JANET NAPOLITANO, Secretary, | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Janet Napolitano, Secretary, United States Department of Homeland Security, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this Memorandum in support of the Motion to Dismiss for lack of subject matter jurisdiction and states as follows:

**BACKGROUND**

A Summons and Complaint were filed in the General Court of Justice, Superior Court Division, Wake County, North Carolina by Willie D. Bullock designating Janet Napolitano, Secretary, United States Department of Homeland Security as Defendant, being file number 09 CV 008751. The Summons and Complaint were served on the U.S. Attorney for the Eastern District of North Carolina on June 17, 2009.

Plaintiff, Willie D. Bullock, brings this action "for violation of Title VII of the Civil Rights Act of 1964; Gender

1

Discrimination, Racial Discrimination, and Wrongful Termination, in violation of N.C.G.S. § 143-422.1 et seq.; and common-law violation of Negligent Infliction of Emotional Distress." (Complaint ¶ 1, attached hereto as Exhibit 1.)

Since this action was filed against an employee of the United States, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1).

## STANDARD OF REVIEW

### A. Rule 12(b)(1)

A 12(b)(1) motion challenging subject matter jurisdiction questions the "very power" of the court to hear the case. United States v. Beasley, 495 F.3d 142, 147 (4th Cir.2007). Such a motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksberg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding into one for summary judgment. Evans v. B.F. Perkins

2

Case 5:09-cv-00319-H   Document 6   Filed 08/18/09   Page 2 of 9

Discrimination, Racial Discrimination, and Wrongful Termination, in violation of N.C.G.S. § 143-422.1 et seq.; and common-law violation of Negligent Infliction of Emotional Distress." (Complaint ¶ 1, attached hereto as Exhibit 1.)

Since this action was filed against an employee of the United States, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1).

## STANDARD OF REVIEW

### A. Rule 12(b)(1)

A 12(b)(1) motion challenging subject matter jurisdiction questions the "very power" of the court to hear the case. United States v. Beasley, 495 F.3d 142, 147 (4th Cir.2007). Such a motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksberg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding into one for summary judgment. Evans v. B.F. Perkins

Co., 166 F.3d 642, 647 (4th Cir.1999)(quotations omitted).

**SUMMARY OF THE ARGUMENT**

Plaintiff filed this action in state court seeking redress against a federal agency for claims in tort and employment discrimination. The United States has not waived its sovereign immunity so as to consent to be sued for Plaintiff's claims in state court. Therefore, the state court lacked jurisdiction over Defendant with respect to Plaintiff's claims, and under the doctrine of derivative jurisdiction, the this Court did not acquire jurisdiction, upon removal, over the subject matter or the parties.

**DISCUSSION**

**I. THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT'S REMOVAL JURISDICTION IS DERIVATIVE OF THE STATE COURT, AND THE STATE COURT LACKED JURISDICTION OVER PLAINTIFF'S CLAIMS.**

**A. Sovereign Immunity**

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). A court cannot infer a waiver of sovereign immunity; it "'must be unequivocally expressed.'" Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Sovereign immunity extends both to the United States as well

3

as its agencies. <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). A suit against a government official in his official capacity is a suit against the United States if "the judgment sought would expend itself to on the public treasury or domain, or interfere with the public administration." <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963).

**B.   The Doctrine Of Derivative Jurisdiction Applies To Cases Removed Under 28 U.S.C. § 1442.**

Under the doctrine of derivative jurisdiction, the jurisdiction of a federal court over a removed case "mirror[s] the jurisdiction that the state court had over the action prior to removal." <u>Palmer v. City Nat. Bank of West Virginia</u>, 498 F.3d 236, 239 (4th Cir.2007).

As the Fourth Circuit has explained, "[i]t is clear that a federal court's jurisdiction upon removal under 28 U.S.C. 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction." <u>Smith v. Cromer</u>, 159 F.3d 875, 879 (4th Cir.1998), cert. denied, 528 U.S. 826 (1999); see also <u>Kasi v. Angelone</u>, 300 F.3d 487, 504 n.6 (4th Cir.2002)("a federal court's jurisdiction upon removal under § 1442(a)(1) is derivative of the state court's jurisdiction..."); <u>U.S. v. Williams</u>, 170 F.3d 431, 433 (4th Cir.1999)(recognizing that a federal court's jurisdiction upon removal under

4

§1442(a)(1) is derivative of the state court jurisdiction).

The instant case was originally filed in state court, and then removed pursuant to 28 U.S.C. 1442. If then, the state court lacked jurisdiction over Plaintiff's claims, this Court acquires none upon their removal.

**C. The State Court Lacked Jurisdiction Over Plaintiff's Title VII Claim.**

Plaintiff brings his first claim for relief for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Compl. ¶ 7.) Title VII prohibits an employer from "discriminat[ing] against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2). Congress has waived sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. 2000e-16(d); <u>Library of Congress v. Shaw</u>, 478 U.S. 310, 319 (1986). In <u>Brown v. General Services Administration</u>, the United States Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976).

Regulations promulgated pursuant to Title VII authorize a federal sector complainant to file suit in the appropriate ***United States District Court*** within 90 of receipt of the EEOC's final decision. 29 C.F.R. § 1614.407 (emphasis added). Title VII and the regulations promulgated thereto are devoid of language authorizing a complainant to file suit against a federal actor in

5

a state court.

Because the rules of construction require that the Federal Government's waiver of sovereign immunity "be unequivocally expressed in statutory text" and "strictly construed ... in favor of the sovereign," Lane v. Pena, 518 U.S. 187, 192 (1996), the absence of language in Title VII authorizing suit in a state court demonstrates that the United States has not waived its immunity from such suits under the statute. Without such authorization, the state court lacked jurisdiction over Plaintiff's Title VII claim.

**D. The State Court Lacked Jurisdiction Over Plaintiff's State Law Employment Discrimination Claims.**

Next, Plaintiff purports to bring claims against Defendant pursuant to N.C.G.S. § 143-422.1 et seq. for gender discrimination (Comp. ¶ 8), racial discrimination (Id. ¶ 9), and wrongful termination (Id. ¶ 10).

The United States has not waived immunity from suit for claims pursuant to this state statute. Rather, the federal statutory scheme for redress of employment discrimination by federal employees "is the exclusive and preemptive remedy for such discrimination." Kennedy v. Potter, Slip Copy, 2008 WL 5110751 (W.D.N.C. December 3, 2008) (quoting Pueschel v. U.S, 369 F.3d 345, 348 (4th Cir.2004)); see also Brown v. General Services Administration, 425 U.S. 820, 835 (1976)(holding that Title VII provides the exclusive judicial remedy for claims of

6

discrimination in federal employment).  Thus, the state court lacked jurisdiction over Plaintiff's state law discrimination claims, because they are preempted by federal statute - in this case, Title VII of the Civil Rights Act of 1964.

**E.   The State Court Lacked Jurisdiction Over Plaintiff's Common Law Tort Claim.**

Finally, Plaintiff asserts a claim based upon common-law Negligent Infliction of Emotional Distress. (Compl. ¶ 11.)  As to this claim, the United States has not consented to be sued in State court for common-law tort claims.  Tort claims against the United States may only proceed under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1).

Although Plaintiff does not cite the FTCA as a jurisdictional basis, he alleges a common-law tort recognized under that Act.  The FTCA operates as a limited waiver of sovereign immunity, providing that the United States is liable for torts "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. 1346(b)(1); <u>Suter v. United States</u>, 441 F.3d 306, 310 (4th Cir.2006). Inasmuch as the Complaint could be read to assert a claim of Negligent Infliction of Emotional Distress under the FTCA, the claim must fail because the FTCA grants exclusive jurisdiction to the federal courts. 28 U.S.C. § 1346(b)(1); <u>Talbert v. United States</u>, 932 F.2d 1064, 1065 (4th Cir.1991).

This suit was filed in Wake County Superior Court, and the

7

United States has not waived its sovereign immunity in that forum. Thus, the state court had no jurisdiction over Plaintiffs tort claims in the instant action.

**CONCLUSION**

In sum, the sovereign immunity of the United States barred the Wake County Superior Court from exercising jurisdiction over Plaintiff's claims. Defendant properly removed this action to assert its sovereign immunity defense. This Court did not acquire jurisdiction upon removal. For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims for lack of subject matter jurisdiction.

Respectfully submitted this 18th day of August, 2009.

                GEORGE E.B. HOLDING
                United States Attorney

                BY:/s/ Tobin W. Lathan
                TOBIN W. LATHAN
                Assistant United States Attorney
                310 New Bern Avenue
                Suite 800, Federal Building
                Raleigh, N.C. 27601
                Phone: (919) 856-4274
                Fax: (919) 856-4821
                E-Mail: toby.lathan@usdoj.gov
                Attorney for Defendant
                NC Bar No. 35398

CERTIFICATE OF SERVICE

I certify I have on this 18th day of August, 2009, served the foregoing upon the below listed party electronically through the CM/ECF system or by mailing a copy of the same in a postpaid envelope to:

        James E. Hairston, Jr.
        230 Fayetteville Street, 3rd Floor
        Raleigh, NC 27601

        Jay J. Ritz
        230 Fayetteville Street, 3rd Floor
        Raleigh, NC 27601

        /s/ Tobin W. Lathan
        TOBIN W. LATHAN
        Assistant United States Attorney
        Civil Division
        310 New Bern Avenue
        Suite 800, Federal Building
        Raleigh, N.C. 27601
        Phone: (919) 856-4274
        Fax: (919) 856-4821
        E-Mail: toby.lathan@usdoj.gov
        Attorney for Defendant
        NC Bar No. 35398